IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RICHARD HARRINGTON,              )<br>                                              )<br>   Plaintiff,                              )<br>v.                                           )<br>                                              )<br>RESORT MANAGEMENT AND      )<br>CONSULTING GROUP, LLC.        )<br>                                              )<br>   Defendant.                         )<br>                                              )<br>_____ | Civil Action No.: 9:24-cv-00346-DCN-MHC<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Richard Harrington ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Resort Management and Consulting Group, LLC. ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in South Carolina and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, D'alberto, Graham & Grimsley, LLC., 508 Meeting Street, West Columbia, SC 29169.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff began working at the Company on or around January 5, 2022.

8.

On or around September 30, 2023, Plaintiff notified his supervisor, Dave Drake, that he would need to take emergency FMLA for his mother-in-law had an unexpected surgery.

9.

Plaintiff notified Mr. Drake the same day he found out. October 1, 2023, Plaintiff began his FMLA leave.

10.

On or around November 8, 2023, Plaintiff notified Mr. Drake that he was returning to work.

11.

When Plaintiff came into the office, Mr. Drake told him that they were looking to put him in a new position equal to the position he had been in prior to taking FMLA.

12.

However, a couple hours later, Mr. Drake informed Plaintiff that he was being terminated.

**CLAIMS FOR RELIEF**
**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**
**COUNTS I & II**
**(FMLA INTERFERENCE AND RETALIATION)**

13.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

14.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

15.

Plaintiff was an eligible employee under the FMLA.

16.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling her to all appropriate relief under the statute.

17.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

18.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

19.

Defendant terminated Plaintiff because of his need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

20.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

21.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

22.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 23rd day of January 2024.

/s/ Dylan A. Bess
**DYLAN A. BESS, ESQ. (SC BAR NO. 101648)**
**MORGAN & MORGAN, ATLANTA PLLC**
P.O. Box 57007
Atlanta, GA  30343-1007
(404) 965-1886
dmendizabal@forthepeople.com.
*Attorney for Richard Harrington*